## MARTHA HARDY *versus* ONSLOW PETERS.

Where personal property, which had been attached upon several writs, was sold by consent of the parties, and the proceeds paid over by the officer to the attorney of all the plaintiffs, and the attorney, as such, received the same, as an aggregate sum, and, subsequently, having obtained judgment in the actions, retained the executions in his possession, it was *held*, that he was liable, in *assumpsit*, to each plaintiff, for his portion of the proceeds, according to the priority of his attachment; and that in such actions, the officer would be a competent witness.

THIS was an action of assumpsit, for money had and received, in which the plaintiff sought to recover a sum of money alleged to have been collected for her by the defendant as her attorney.

At the trial, before *Morton* J., it appeared, that on the 30th of October and 1st of November, 1832, the defendant, as the attorney of certain creditors of Ephraim B. Hardy, sued out several writs against him, and committed the same to Wilson Rawson, a deputy sheriff, who, by virtue thereof, attached the personal property of the debtor ; that the defendant also sued out a writ in favor of the plaintiff, against E. B. Hardy, and delivered it to Rawson, who attached the same property, after the attachments before mentioned had been made.

It further appeared, that judgment was recovered in these actions in December 1832, and the several executions were received by the defendant, but with the exception of one in favor of C. Parkman, were not placed in the hands of any

officer ; that all the personal property so attached was sold by
Rawson on mesne process, by consent of the parties, for
$ 1010·70, being more than the amount of the plaintiff's and
all the prior attachments ; and that in January 1833, the de-
fendant gave to Rawson a writing acknowledging that he had,
as attorney of the plaintiffs in such action, received of him the
proceeds of such sale, being the sum of $ 1010·70.

The plaintiff offered Rawson as a witness, in order to prove
that a demand was made on the present defendant before this
action was brought.    The defendant objected to his competen-
cy, on the ground of interest ; but he was admitted by the
judge.

The judge ruled, that the plaintiff was entitled to recover
the residue of the proceeds of the sales, to the extent of her
judgment, after satisfying the judgments of the prior attaching
creditors ; and the jury accordingly returned a verdict for the
plaintiff.

If the Court should be of opinion that this ruling was erro-
neous, a new trial was to be granted ; otherwise, judgment was
to be rendered on the verdict.

*Merrick*, for the defendant, cited *St.* 1822, *c.* 93 ; *Blake*
v. *Shaw*, 7 Mass. R. 505 ; *Badlam* v. *Tucker*, 1 Pick. 284.

*Harrington* and *Washburn*, for the plaintiff, were stopped
by the Court.

SHAW C. J. delivered the opinion of the Court.  It ap-
pears by computation, that the proceeds of the personal prop-
erty, which was sold on mesne process, by consent of parties,
pursuant the statute, amounted to more than sufficient to satisfy
all the prior attachments, and leave a larger sum than that for
which the plaintiff has obtained her judgment.    The question
is, whether she has a right to recover it of the defendant, in
this form of action.

As the defendant represented all the creditors entitled to
these proceeds, it was competent for the officer, with the con-
sent of the debtor, or at his own peril, of procuring the assent
of the debtor, to pay over the money to the creditors or to
their attorney ; and the defendant cannot be permitted to say,
that he did not receive it to the use and benefit of his several
clients.    But as he received it as an aggregate sum, without
distinguishing what part was received for one, and what part

*Hardy*
*v.*
*Peters.*

*Oct. 5th.*

*Oct. 9th.*

for another, the inference of law is, that he received it for his respective clients, according to their respective legal rights of priority. It was contended, that until the executions were received, it was the property of the officer, and that the defendant would be liable over to the officer for it. Had he received it as the depository of the officer, and undertaken to return it to the officer on request, this might have been so. And so, if the officer had refused to pay it over and insisted on keeping it until execution obtained, he had a right to do so. But by paying it over to the creditors' attorney, without waiting for an execution, he waived that right, and consented to pay it over to the use of the creditors ; and then by the form of the receipt given by the defendant and accepted by the officer, it is manifest that such was the intent of the parties. The defendant therefore is chargeable to the plaintiff, not in virtue of his agreement with the officer, to receive and appropriate the money, but because he has collected so much money as her attorney for her use.

In order to prove a demand upon the defendant before action brought, the plaintiff offered Rawson, the officer, from whom the money had been received ; and he was objected to, as incompetent, on account of interest. It is not distinctly stated, how he is interested in the event of this suit. If the plaintiff should hereafter call upon the officer for the money in case of failing in this suit, he hold the receipts of her acknowledged attorney, for the amount, which would be a good defence. Should he be called upon in an action by the original defendant, E. B. Hardy, for the money, if he could show that he paid it to the attaching creditors before execution, with his assent, it would be a perfect defence. But whether he could or not, the verdict and judgment in this suit, between the plaintiff and her attorney, could not be given in evidence, and would not affect the right of the original defendant to recover it of the witness. The defendant having received the money of the officer, as the attorney of the plaintiff, and for her use, is bound to pay it over to her, whether the officer paid it rightfully or not.

The Court are of opinion, that Rawson was a competent witness, that the instructions were correct, and that the plaintiff is entitled to judgment on the verdict.